UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Omer Sariboga
(A-Number: A-246-106-678),

               Petitioner,

     v.

Warden of Mesa Verda Detention Center;
Director of San Francisco Field Office,
Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement;
Markwayne Mullin, Secretary of the
Department of Homeland Security; David
Venturella, Senior Official Performing the
Duties of Director of Immigration and
Customs Enforcement; Todd Blanche,
Acting Attorney General of the United
States,

               Respondents.

No.  1:26-cv-05655-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN TEN DAYS

Doc. 1

Petitioner Omer Sariboga is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pursuant to 8 U.S.C. § 1225(b)(2)(A), the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence.  *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200

1

(E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4.

Respondents argue "that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)," and that petitioner does not have due process rights "in any form other than the form provided by Congress." *See* Doc. 6. But the Ninth Circuit rejected respondents' statutory argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and this Court has rejected respondents' due process argument in each of its prior cases. Respondents do not distinguish those authorities or raise any argument that this Court has not previously considered. Respondents state that this "case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing" and that "[s]hould the Court find that the detention authority is 8 U.S.C. § 1226, Respondents do not offer any opposition at this time to the Court ordering a bond hearing." *Id.*

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Omer Sariboga (A-Number: A-246-106-678) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. Respondents shall provide the neutral decisionmaker with a declaration from petitioner's assigned deportation officer that explains what conditions were imposed when petitioner was previously released from detention, whether

2

petitioner was enrolled in a monitoring program, and whether and to what extent petitioner complied with those conditions and that monitoring program.  The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.  If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    July 30, 2026

_____
UNITED STATES DISTRICT JUDGE